Dear Chief Collins:
In response to your letter of recent date, note that an elected official such as the chief of police may hold concurrently the appointed position of deputy sheriff, as long as the latter position is held on a part-time basis. Note further that the prohibitions against the simultaneous holding of local elected office and appointed office extends only to the holding of full-time appointive office, as LSA-R.S. 42:63(D):
 (D). No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The prohibitory language of LSA-R.S. 42:63(D) would prevent simultaneous holding of these offices where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law in LSA-R.S. 42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
The law permits the holding of local elective office and appointive office on a part-time basis. Please review attached Attorney General Opinions 98-458, 98-150, 98-115, 97-76, and 96-405, all of which affirm the same conclusion.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
 December 9, 1998 OPINION NUMBER 98-458 77 — Officers 78 — Dual Officeholding 15 — Courts
 R.S. 33:423
R.S. 13:1898
R.S. 42:63
Discussion of the authority of an elected Chief of Police for a Mr. Timmy D. Duhon Lawrason Community, and the judge Chief of Police Elect of the City Court. A full-time 531 Arceneaux Road employee of a political subdivision Carencro, LA 70520 may only another position with in the political subdivision that is Dear Mr. Duhon: part-time.
This office is in receipt of your request as the Chief of Police Elect for the City of Carencro for an opinion of the Attorney General in regard to operation of the police department. You indicate you will take office on January 1, 1999 and set forth your concerns as follows:
 1. Can a newly elected Chief of Police take office with a new policy and procedure manual without it being approved by the City Council and the Mayor?
 2. Can I request your office to help in an inventory of the evidence room at the Carencro Police Dept.? It has come to my attention that evidence is being taken out of the evidence room by some officers, and that some items were being sold to other officers which were evidence. It has also been told to me that evidence is not being properly tagged.
 3. Can an employee of the City of Carencro working full-time also work and get a check from another department also with the City of Carencro? This employee is in fact receiving two checks from the City of Carencro.
 4. It has also been brought to my attention that officers are getting paid and not working their required schedule. It has also been brought up that dispatchers are punching in officers and these officers are again getting paid and not working for their punched in time.
 5. It has also raised some concern that officers are shredding police reports.
 6. Can the City Council and mayor appoint a police commissioner for an elected police chief's department?
 7. What authority would the city attorney have over the police department? As an example, as of right now he makes decisions for officers in the department.
 8. Should a police officer collect money from City Court fines or should the City have a City Clerk collecting the money, and should the court records be taped, which is not being done right now?
This office has rendered numerous opinions holding that in a Lawrason Act community with an elected Chief of Police he shall have control over the administration of his department. The Chief of Police is the final authority in the day-to-day operation of his office and equipment in regard to carrying out his duty of enforcement of all ordinances within the municipality and all applicable state laws. Consequently, the governing authority cannot revoke or impair the inherent powers of an elected chief of police. These powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment." Atty. Gen. Op. Nos. 98-204,97-393, 95-135.
Accordingly, we would conclude in answer to your first question that you can establish a policy and procedure manual without it being approved by the City Council and the Mayor. However, with hiring, firing and discipline the governing authority has the final decision without being bound by the manual.
In answer to your sixth question in regard to the legality of the appointment of a police commissioner for the police department, and your seventh question pertaining to the authority of the City Attorney over the police department, the same provision is applicable that the governing authority cannot interfere with the inherent powers of the elected chief of police, nor could a city attorney.
However, in Atty. Gen. Op. 83-825 this office noted that no statute was found which would prohibit appointment of a "Police Commissioner", but it was concluded he could not interfere with the authority of the Chief of Police. Consequently, it is difficult to understand what purpose such a position would serve.
You state that the City Attorney presently "makes decisions for officers". This cannot be decisions which interfere with the Chief of Police's authority in his operation of the department, but, of course, he can give advice in response to inquiries he may receive.
In your second question you ask if this office can help in an inventory of the evidence room of the police department inasmuch as you have been informed evidence is being taken out of the evidence room and being sold and improperly tagged. Additionally, you point out in paragraph four that you have been informed that officers are not working their required schedules, and some are being punched in by others when they are not there, and in each case are being paid for time they did not work. Then, in paragraph five you state you are concerned that officers are shredding police reports.
In regard to these questions, you should seek first the assistance of your district attorney rather than this office. There may be occurrences of malfeasance in office as set forth in R.S. 14:134 which provides that malfeasance is committed when a public officer or public employee fails to perform any lawful duty, or performs any such duty in an unlawful manner, or permits another public employee under his authority to fail to perform any lawful duty or perform in an unlawful manner.
Additionally, some of these problems may be solved upon your commencement in office and changes made by your supervision of the department. However, in this connection, although the governing authority cannot infringe upon your inherent powers, we would caution you, while you can recommend firing or disciplinary action for police officers in your department, you cannot hire, fire or discipline the officers. This office has recognized this must be done by the governing authority, Atty. Gen. Op. Nos. 96-35, 89-199. Of course, beyond any firing or disciplinary steps, malfeasance in office that may exist would be, as stated above, a matter for the district attorney.
Your third question is controlled by the dual officeholding law, R.S. 42:63(E), which provides as follows:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Therefore, a full-time employee of the City of Carencro cannot hold another position with the City if it is full-time. However, nothing would prohibit a full-time City employee from holding at the same time a part-time position with the City.
Your last question is relative to the City Court wherein you first ask whether a police officer should collect money from city court fines or should the city have a city clerk collecting the money, and then you also ask if the court records should be taped.
R.S. 13:1898 provides that "the clerk of the city court or the marshal, as designated by the judge shall collect all fines". Therefore, the party to collect the fines is to be that selected by the judge.
Also, whether the court records are to be taped is a matter for determination by the judge inasmuch as R.S. 18:1893 provides the judge shall appoint a competent court reporter to take the evidence in any case in which it is necessary to do so under the laws unless waived by the parties, or when requested by any party. Also, R.S. 18:1897 requires in an appeal from the city court the clerk shall cause to be made a transcript to be filed in the office of the clerk to which returnable and further provides that "the testimony of witnesses may be electronically recorded".
Therefore, whether court records are to be taped is not a matter to be determined by the Chief of Police.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
 MAY 26, 1998 OPINION NUMBER 98-150
Honorable Scott M. Perrilloux 78 — Dual Officeholding District Attorney P.O. Drawer 639 Amite, LA 70422
Dear Mr. Perrilloux:
In response to your inquiry of recent date, note that the law prohibits a full-time deputy sheriff from simultaneously holding the office of mayor as the LSA-R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Laws pertinently provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof . . . . . . . (Emphasis added).
The office of mayor is an elective office; the office of deputy sheriff is an appointive office and since the latter is held on a full-time basis, such concurrent holding of positions is violative of the statute quoted above. In accord is Attorney General Opinion 96-405, a copy of which is attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
 October 11, 1996 OPINION NUMBER 96-405 78 DUAL OFFICEHOLDING 57 — JUSTICES OF THE PEACE (CONSTABLES) LSA-R.S. 42:61, et seq; LSA-R.S. 42:63(D); LSA-R.S. 42:62 (4) and (5); LSA-R.S. 42:62(2); LSA-R.S. 33:1433
It is not legally permissible for an Mr. Jeff Sachse individual to hold the office of Justice of the Peace full-time patrol deputy of the Livingston Parish Ward 1 Livingston Parish Sheriff's office 7653 Kingsley Drive while holding the elected office of Denham Springs, Louisiana 70726 constable for Ward 1 of Livingston Parish. Dear Judge Sachse:
This office is in receipt of your letter in which you request an opinion regarding the issue of whether an individual employed by the Livingston Parish Sheriff's Office as a full-time patrol deputy may simultaneously hold the elected office of constable of Ward 1 of Livingston Parish? It is the opinion of our office that one may not simultaneously hold these two positions.
In July of 1992 this office released Attorney General Opinion 92-471, in which the author characterized a deputy sheriff as holding a position of employment for purposes of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61,et seq. The opinion was in conformity with two opinions released during a prior administration, specifically, Attorney General Opinions 82-716 and 79-1206.
Subsequent to the issuance of Opinion 92-471, this office reconsidered our determination and then found that the correct legal conclusion to be drawn is that a deputy sheriff holds appointive office as opposed to employment. The position of deputy sheriff in the parish is an "appointive office" under LSA-R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official" as defined therein.
The law establishing and authorizing the position of deputy sheriff is found within LSA-R.S. 33:1433, providing:
 § 1433. Appointment, oath, and bond of deputies
 A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. Their appointment and oath must be entered on the records of the court. In addition to taking the oath of office, the said deputies shall, before commencing upon the discharge of their duties, each furnish a bond in the sum of five thousand dollars, with good and solvent sureties in favor of the sheriff appointing the said deputy, and the public, for the faithful performance of their duties . . . . (Emphasis added).
As is required by the definition of "appointive office" under LSA-R.S. 42:62(2), the position of deputy sheriff is (1) created under statutory authorization, and (2) is filled by appointment by the sheriff. Our adherence to this interpretation was reflected in opinions released shortly after Opinion 92-471, and was further reiterated on several occasions subsequent to that time, as noted in the opinions paraphrased below:
(1) Opinion 92-623
The mayor of a municipality may not, at the same time, serve as a full-time deputy sheriff for the parish, under Louisiana's dual officeholding laws, as such situation contravenes the prohibition against the holding of local elective office and the full-time appointive office of deputy sheriff.
(2) Opinion 93-64
A police juror may not simultaneously serve as an appointed commissioned deputy sheriff who is also the appointed director of a communications district whose commissioners are appointed by the police jury on which he serves.
(3) Opinion 93-63
Again, the opinion characterized a deputy sheriff as an appointed office, although the simultaneous holding of the offices considered was prohibited on an unrelated basis.
(4) Opinion 93-45
Holding again that an individual may not simultaneously hold local elective office and the full-time appointive position of deputy sheriff.
(5) Opinion 93-217
Holding again that the position of deputy sheriff is an appointive office.
(6) Opinion 93-549
Deputy sheriff is appointed and paid by the sheriff.
(7) Opinion 96-90
It is impermissible for an individual to hold the local elective office of justice of the peace and the full-time appointive office of deputy sheriff.
(8) Opinion 96-236
It is impermissible for an individual to hold the local elective office of constable and full-time appointive office of deputy sheriff.
As is readily apparent from the foregoing, this office has consistently adhered to this conclusion over several years subsequent to the issuance of Opinion 92-471, and unfortunately, through administrative oversight, that opinion and its predecessors were not formally recalled as no longer the legal conclusion of the office. We do consider Opinions 92-471, 82-716, and 79-1206 to be at least tacitly recalled considering the abundance of current opinions drawing a different conclusion. In order to clarify our position on this point, we formally recall Opinions 92-471, 82-716 and 79-1206 as no longer reflective of the opinion of this office.
Note further that the prohibitions against the simultaneous holding of local elective office and appointive office extends only to the holding of full-time appointive office, as LSA-R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The prohibitory language of LSA-R.S. 42:63(D) would prevent simultaneous holding of these offices where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law in LSA-R.S.42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
The law permits the holding of local elective office and appointive office on a part-time basis.
In conclusion, it is not legally permissible for an individual to hold the office of full-time patrol deputy of the Livingston Parish Sheriff's office while holding the elected office of constable for Ward 1 of Livingston Parish.
We trust this opinion has addressed your concerns. Please contact our office at your convenience if we may be of further service.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/ams
 MAY 4, 1998 OPINION NUMBER 98-115 78 Officers — Dual officeholding 107 Sheriffs R.S. 42:63D
The elected mayor serving part time Mr. Louie Bernard cannot hold at the same time the full Clerk of Court time appointive position of patrol 10th Judicial District deputy with the parish sheriff under P.O. Box 476 prohibition of the dual office-holding Natchitoches, LA 71458-0476 law.
Dear Mr. Bernard:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You ask whether the position as a full-time patrol deputy with the Natchitoches Parish Sheriff's office, and holding the elected part-time position of Mayor would violate the dual officeholding provisions of State law.
R.S. 42:63(D) provides as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof.
The fact that the elective office may be part-time is irrelevant in the determination of violation of dual officeholding inasmuch as this office has recognized the prohibition makes no distinction between those that hold full-time or part time elected positions, Atty. Gen. Op. Nos. 95-305, 90-170, 87-339.
Also pertinent to your inquiry is the conclusion of this office as stated in Atty. Gen. Op. No 96-405 that the position of a sheriff's deputy is an appointive office and not employment, recalling earlier opinions to the contrary. Therein it was pointed out the position of deputy sheriff is created under statutory authorization and filled by appointment by the sheriff.
Moreover, in the latter opinion reference is made to numerous earlier opinions holding that a deputy sheriff is an appointive position, including Atty. Gen. Op. No. 92-623 which maintained as follows:
 The Mayor of a municipality may not, at the same time, serve as a full-time deputy sheriff for the parish under Louisiana's dual officeholding law, as such situation contravenes the prohibition against the holding of local elective office and the full-time appointive office of deputy sheriff.
Accordingly, we find the appointment as a full-time patrol deputy with the Natchitoches Parish Sheriff's office and holding the elected position of Mayor of the Village of Natchitoches violates the dual officeholding provision of state law as set forth in R.S. 42:63(D).
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
 MARCH 12, 1997. OPINION NUMBER 97-76 78 DUAL OFFICEHOLDING LSA-R.S. 42:64(D); LSA-R.S. 42:62
It is not legally permissible for an individual to hold the office of full-time deputy sheriff while holding Mr. John P. Doggett either the elective office of city General Counsel, councilman or justice of the peace. Rapides Parish Sheriff Opinions 90-561, 90-367, 84-858 are Post Office Drawer 1791 no longer representative of the most 934 Third Street, Suite 800 recent statutory interpretation of Alexandria, Louisiana 71309-1791 this office and are therefore recalled. Dear Mr. Doggett:
Your correspondence of recent date raises questions familiar to this office and were recently addressed in Attorney General Opinion 96-405. We revisit these issues for your further reference.
Pertinent to your inquiry and the provisions of LSA-R.S.42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law prohibits the holding of local elective office and full time appointive office, but permits the concurrent holding of local elective office and part time appointive office.
It is important then, to determine whether the appointive office is held on a part-time or full-time basis, as defined in LSA-R.S.42:62:
 (4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
Both the positions of city councilman and justice of the peace constitute local elective office; the position of deputy sheriff is an appointive position, and if held on a full-time basis, the simultaneous holding of either elective office referenced is violate of LSA-R.S. 42:63(D) and is therefore impermissible.
Attorney General Opinion 96-405 reflects an effort to correct and resolve differing opinions issued from this office addressing the appropriate characterization of the position of "deputy sheriff". We concluded, for the reasons expressed in Opinion 96-405, that a deputy sheriff holds appointive office. To the extent that Opinions 90-561, 90-367, 84-858 are inconsistent with this conclusion, they are no longer representative of the most recent statutory interpretation of this office and they are therefore recalled. Opinions 96-319, 96-405, and 93-217 are affirmed herein as correct.
We trust the foregoing is helpful. Again, please refer to Opinion 96-405 as it reflects our final analysis of those issues surrounding the definition of "deputy sheriff" for purposes of dual officeholding.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams